IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff-Respondent, | § |
| V. | § CRIMINAL ACTION NO. H-09-273-5 |
| | § CIVIL ACTION NO. H-12-2408 |
| UCHECHI OHANAKA, | § |
| Defendant-Movant | § |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. §2255 is Movant J. Uchechi Ohanaka's §2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 394),[1] and the United States' Response and Motion to Dismiss Movant's §2255 Motion (Document Nos. 415, 416). After reviewing Movant's §2255 Motion, the Government's Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss (Document No. 416) be GRANTED, and that Movant Uchechi Ohanaka's §2255 Motion (Document No. 394) be DENIED.

**I.   Procedural History**

Movant Uchechi Ohanaka ("Ohanaka"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. §2255. This is Ohanaka's first attempt at §2255 relief.

---

[1] Uchechi Ohanaka's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-12-2408 and at Document No. 394 in Criminal Action No. H-09-273.

On April 21, 2010, Ohanaka, Adekunle Adeleke Adebo, Steven Igbaroola, David Freeman, and Peter Luong Tran were charged in a two count Second Superceding Indictment. (Document No. 87). Ohanaka was charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344 (count one) and aggravated identity theft in violation of 18 U.S.C. §1028A (count two). On November 5, 2010, Ohanaka pleaded guilty, without a written plea agreement, to the Second Superceding Indictment. (Document No. 174, Transcript of Rearraignment Hearing, Document No. 410). At Ohanaka's November 5, 2010, Rearraignment hearing, the Government described what it was prepared to prove had the matter proceeded to trial:

> Ms. Searle: Yes, your Honor. From on or about August 2008 and continuing to in or about July 2009, the defendant, Uchechi Ohanaka, knowingly conspired with co-defendants Peter Luong Tran, David Freeman, and others, collectively the conspirators, to defraud federally insured financial institutions. Conspirators unlawfully acquired the personal identity and confidential bank account information of other individuals, without their consent, and used that information to open new unauthorized accounts in the names of the victims.
>
> The conspirators also caused banks to deliver by US mail credit cards, related to the fraudulently created accounts, to addresses where they could access the materials.
>
> The conspirators used the fraudulent credit cards to withdraw funds from ATM machines and through point of sale transactions at various merchants. One of the merchants utilized by the conspirators was a Houston furniture store, Style Furniture, which was owned by Defendant Tran. Ohanaka would bring fraudulent credit cards to Tran to make fictitious purchases at Style Furniture Store. The proceeds from the fictitious transactions would be split between Tran, Ohanaka, and their fellow conspirators.
>
> Ohanaka and Tran processed approximately $280,000 in fraudulent credit card transactions at Tran's Houston furniture store, Style Furniture. The conspirators would and did withdraw funds from bank accounts in a manner designed and intended to conceal the source of the funds as well as circumvent bank reporting requirements.
>
> Ohanaka, on or about June 17th, 2009, possessed the name, birth month and year, and true Social Security number of a victim with the initials RK. And this

2

identifying information was used to obtain a Capital One bank card without knowledge or consent of the victim. After obtaining the fraudulent credit card in the name of victim RK, Ohanaka used the credit card for various personal purchases. One of these purchases included airline tickets to fly two friends from Atlanta, Georgia, to Houston, Texas. All of the monies were spent by Ohanaka for his personal benefit.

Had Capital One Bank known that Ohanaka was using the identity of RK, it would not have allowed Ohanaka to open the fraudulent credit card.

At the time, Capital One Bank was a financial institution which was insured by the FDIC.

RK did not consent to his identification information to be used to open a fraudulent credit card. (Document No. 410, Transcript of Rearraignment Hearing, pp. 12-14).

Prior to sentencing, a pre-sentence investigation report ("PSR") was prepared to which Ohanaka filed written objections.[2] (Document No.283). He also filed character letters and a certificate of community service. (Document No. 334). Pursuant to the PSR, Ohanaka had a base offense level of 7 under U.S.S.G. §2B1.1(a)(1). His base offense level was increased by fourteen levels pursuant to U.S.S.G. §2B1.1(b)(1)(H) based on the amount of loss being $408,438.85. Because the offense involved ten or more victims, Ohanaka's offense level was increased by two levels under U.S.S.G. § 2B1.1(b)(2). Because Ohanaka accepted responsibility for his activities, and did so in a timely manner, his offense level was reduced by three levels. With an adjusted offense level of 20, and a criminal history category of III, Ohanaka had an advisory guideline sentencing range of 41 to 51 months on Count one. Count two carried a mandatory sentence of two years that

---

[2] Ohanaka objected to the calculation of the amount he was held responsible, $408,438.85. He argued that he should not be held accountable for losses caused before he joined the conspiracy. Ohanaka also argued he should receive a two level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant. According to Ohanaka, he served as a courier between Tran and Famobio.

3

was to be served consecutive to any other sentence imposed by the Court.[3]

Ohanaka was sentenced on August 5, 2011. Because of Ohanaka's assistance at trial, the Government moved for a downward departure. With respect to that motion, the following exchanges took place at the sentencing hearing:

> Mr. Adler: Judge, the only thing is the government has filed a 5K1.
>
> The Court: Right. I know. We'll be getting to that shortly.
>
> But, first, I need to adopt the presentence report as my own, both the findings of fact and the application of the guidelines to the facts, find a total offense level of 20, a criminal history category of III, which gives a guideline provision range of 41 to 51 months, and there is a 24 month consecutive statutory amount for Count 2.
>
> Mr. Reynal, tell me about your downward departure motion.
>
> Mr. Reynal: Certainly, Your Honor. I know that Your Honor remembers the trial of this case very well. Mr. Ohanaka was a key government witness.
>
> At trial was a Peter Luong Tran, who was collusive merchant who processed all the credit cards as part of this scheme. Mr. Ohanaka, through his cooperation was able to testify against Mr. Tran, and I think he was instrumental in obtaining the good result that we got.
>
> For that reason, I am recommending that the Court give him a full one-third off his sentence, which is the maximum that we give as a matter of policy here in the Southern District of Texas, and I recommend a sentence of 43 months, which would take into account the stacked 24-month sentence, minus a third, which brings it down to 43, Your Honor.
>
> The Court: Okay. Mr. Adler, anything you would like to say about that?
>
> Mr. Adler: If I could, Your Honor.

---

[3] Ohanaka was advised at his November 5, 2010, Rearraignment Hearing about the penalties. With respect to Count 2, Ohanaka was told:
> Now, the penalty for Count 2 is two years of imprisonment, to run consecutive to the sentence imposed as a result of Count 1. (Transcript of Rearraignment Hearing, Document No. 410, p. 5).

I appreciate Mr. Reynal's comments about Mr. Ohanaka's efforts. I would ask the Court to consider departing further than the 43-month range, simply because defendants who come in and debrief and provide substantial assistance but don't testify many times, as the Court is aware, get a one-third reduction.

Mr. Ohanaka went further than that in this case. He did sit up on the stand. It was not a pleasant experience for him, but he realized it was the right thing to do for a variety of reasons, and he did cooperate fully with the government through his testimony.

Several times during the meetings with the government he did clarify things that the government had not been able to figure out. So, he really carried the ball very far down the field for the government, and I would ask the Court — although I appreciate Mr. Reynal's recommendation of a sentence of 43 months, because that is a sizeable reduction, I would ask the Court to do a little further because he actually did testify as opposed to just debriefing.

The Court: Mr. Ohanaka, anything you would like to say before I pronounce sentence?

Mr. Adler: And, Judge, I'm sorry. A couple of things.

The Court: Sure.

Mr. Adler: I would also point out that Mr. Ohanaka has a good job. He's a good father. He, actually, is a good candidate for probation. I know that's an unusual comment to make given his criminal history, but he really has turned his life around despite the mistakes that he's made. And, again, I would ask the Court to consider a larger reduction than just in the 43-month range.

The Defendant: Your Honor, I have written an apology letter to you.

The Court: Yes.

The Defendant: I just want to — I want to use this opportunity to apologize to you and the court. I want to sincerely apologize to the victims that were affected by this case and tell them how deeply sorry I am.

This case, obviously, has changed my life to a better person. I am much, much more involved in assisting the needy people who are working hard out there doing furniture jobs. And I hope you find leniency in your heart, Your Honor.

The Court: Okay. Anything else, Mr. Reynal?

> Mr. Reynal: No, Your Honor.
>
> The Court: Well, I will grant the motion for downward departure. I recognize Mr. Ohanaka did, you know, pretty much made the case, but, still, it's very difficult to give him less than the government has recommended, even though he did testify, given the fact that he had been in prison for 84 months — or his sentence was 84 months— I'm not sure how long he served on that — came out and did the same thing. So, I recognize that, but I will grant the motion for downward departure. (Document No. 404, Transcript of Sentencing Hearing, pp. 4-7).

Ohanaka was sentenced to 19 months on Count one and to 24 months on Count two, to run consecutive, for a total term of imprisonment of 43 months, to be followed by a total term of supervised release of 5 years. The Court further imposed restitution in the amount of $401,735.79 and a special assessment of $200. (Document No. 335, Transcript of Sentencing Hearing, Document No. 404, p 8, 10-11). Judgment was entered on August 10,, 2010. (Document No. 339). With respect to Ohanaka's sentence, Judge Harmon stated:

> Mr. Ohanaka is before the Court for sentencing following a plea of guilty to bank fraud and aggravated identity theft.
>
> The facts of the case unfolded when in June, 2009, while serving his term of supervised release, it was discovered he and others were participating in an extensive credit card scheme. Evidence reflected that he and his co-conspirators fraudulently obtained and used the credit cards resulting in the loss of $408,438.85.
>
> This is Mr. Ohanaka's third felony, second federal conviction. His prior convictions involve credit card abuse, false information to obtain credit and conspiracy to launder funds. Essentially, the instant conduct is the same type of conduct all over again.
>
> The Court has considered the guidelines, finds that a sentence within those guidelines is consistent with and takes into account the purpose of 18, United States Code, Section 3553(a), and, in addition, has granted the government's motion for downward departure for substantial assistance. (Document No. 404, Transcript of Sentencing Hearing, p. 7-8).
>
> Ohanaka did not appeal his sentence to the Fifth Circuit Court of Appeals.

**II. Discussion**

Within one year of his conviction being final, Ohanaka timely filed a §2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 394). Ohanaka raises four grounds for review. Ohanaka argues that his sentence violates the "Equal Protection and Due Process Clauses of the Fifth Amendment" because his sentence was greater than that imposed on similarly situated co-defendants who had not cooperated with the government. He further argues that he "did not get the full benefit of his plea bargain agreement and was denied a 5K reduction of his sentence." Next, he claims the amount of restitution was not supported by sufficient evidence and violates the Fifth Amendment. Lastly, he argues that his sentences should not have been ordered to run consecutive because it resulted in stacked sentences and cumulative punishment. The Government, in its Motion to Dismiss (Document No. 416) argues that Ohanaka's §2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because Ohanaka is not entitled to relief.

Ohanaka first argues that "he was sentenced in violation of the Equal Protection and Due Process Clauses of the Fifth Amendment as co-defendants similarly situated to Movant but who did not render a substantial governmental assistance got substantially lesser sentences than Movant." To the extent that Ohanaka challenges the calculation of his sentence, the law is clear that alleged misapplications of the Sentencing Guidelines are not cognizable in a §2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

With respect to Ohanaka's next ground for review, namely, that he did not get the full benefit of his plea bargain agreement and was denied a 5K reduction of his sentence, the record shows that he pleaded guilty without a written plea agreement. As to his contention that he was denied a 5K reduction in his sentence, again, the record shows otherwise. Ohanaka's advisory guideline

sentencing range for Count one was 41 to 51 months.  Because the Government moved for a 5K reduction, his sentencing range was reduced by a third.  Had he not received the 5K, he would have had a possible total sentence ranging from 65 to 75 months.  Because Ohanaka received the 5K reduction, he was sentenced to a total term of imprisonment of 43 months.  This claim is without merit.

As to Ohanaka's contention that Judge Harmon "improperly cumulated or ma[d]e consecutive" his sentences and stacked his punishment, he is not entitled to relief.  Ohanaka pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The statute provides for a mandatory term of two years imprisonment consecutive to any other sentence of imprisonment.  Given that Ohanaka's sentence was in accord with the applicable law, he has not and cannot show that he is entitled to relief on this claim.

Finally, Ohanaka claims that "the amount of restitution charged was not supported by sufficient evidence and violates the Fifth Amendment."  The Fifth Circuit has held that claims relating to the imposition restitution fall outside the scope of a §2255 motion.  *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) (holding "complaints concerning restitution may not be addressed in § 2255 proceedings").  This claim fails.

### III. Conclusion and Recommendation

Based on the foregoing, it is

RECOMMENDED that the Government's Motion to Dismiss Movant's §2255 Motion (Document No. 416) be GRANTED, and that Movant Uchechi Ohanaka's §2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 394) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. §636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 1st day of March, 2013.

Frances H. Stacy
United States Magistrate Judge